UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME WILLIAM WAGNER,

      Petitioner,

v.                                                                    Case No. 8:08-cv-2243-T-17TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## O R D E R

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2254 Petition for Writ of

Habeas Corpus.  Petitioner challenges his conviction and sentenced entered by the Circuit

Court for the Sixth Judicial Circuit, Pinellas County, Florida.  A review of the petition

demonstrates that the petition must be denied as time-barred.

Petitioner states that he plead nolo contendere to a charge of sexual battery, a

second degree felony, on October 26, 1998, and was sentenced on that date to ten years

incarceration.  He states that he did not appeal the conviction and sentence and did not

seek collateral relief.  Petitioner signed the present petition for writ of habeas corpus on

October 25, 2008.

### Discussion

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period

for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year

period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court. The limitation period shall run from the

latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner had 30 days after the date of his conviction to file a direct appeal in state court. That date would have been November 27, 1998.  Petitioner did not file a direct appeal of his conviction and sentence.  Therefore, his conviction was final on direct review on November 27, 1998, and Petitioner had until November 27, 1999, to file a timely federal petition for writ of habeas corpus. A search of the legal database demonstrates that the state district court of appeal affirmed, on October 31, 2007, the Circuit Court's decision based on Petitioner's appeal filed June 28, 2007 in case no. 2D07-3071. *See Wagner v. State*, 973 So. 2d 451 (Fla. 2d DCA 2007). Clearly, this was an out-of-time appeal because more than one year elapsed November 27, 1999 and June 28, 2007.

Petitioner's petition is time-barred because he did not file his federal petition within one year after his conviction was final on direct review and he did not file any collateral attacks on his conviction and sentence to toll the running of the one-year period.

In his present petition, Petitioner says that he could not reach his attorney for three years and he "heard" his attorney had a heart attack and died.  The Court construes this statement as a request for equitable tolling. He alleges that he is a layman in the law and did not know how to file an appeal or other challenges to his conviction.

The United States Court of Appeals for the Eleventh Circuit held that AEDPA's one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are beyond his control and unavoidable even with diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999).

Generally, courts are under no obligation to toll a statute of limitations where the late filing resulted from a lack of due diligence by the filing party. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (holding that "lack of knowledge of the filing deadlines" does not justify equitable tolling in the EEOC filing context). With specific regard to AEDPA, this Court finds persuasive a case from the Eastern District of Pennsylvania that stated, "Ignorance of the law is no excuse; it is not a reason for equitable tolling." Garrick v. Vaughn, No. Civ. A. 00-4845, 2003 WL 22331774, at *3 (E.D.Pa.2003) (not reported in the Federal Supplement, Second Series) (addressing failure to timely file a § 2254 Application due to ignorance of procedures for filing in forma pauperis and ignorance of delivery procedures under the prison mailbox rule).

Here, Petitioner Wagner's argument is without merit because his ignorance of AEDPA's limitations period fails to amount to "extraordinary circumstance" for equitable tolling purposes.

Accordingly, the Court orders:

That Petitioner Wagner's petition is denied.  The Clerk is directed to enter judgment against Wagner and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 14, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Jerome William Wagner